ON RETURN TO REMAND

PATTERSON, Judge.
After affirming the conviction of Owen Lamar Cooper, Sr., for murder, we remanded the ease to the trial court three times for new sentencing hearings. We remanded the ease on the first and second occasions because the state failed to prove that the conduct underlying a federal conviction for receiving and concealing a stolen motor vehicle used for sentence enhancement purposes under the Alabama Habitual Felony Offender Act (hereinafter the “Act”) constituted a felony under Alabama law. On the third occasion, we remanded the case because the state failed to give Cooper notice of certain additional prior convictions it sought to prove at the third sentencing hearing.
*1004 The trial court has complied with our third remand order and has held a new sentencing hearing in accordance with our instructions. Upon conclusion of the presentation of evidence at the hearing, the trial court found that the state had given proper notice to Cooper of its intention to prove five prior felony convictions for the purpose of enhancing his sentence under the Act, and that the state had proven by sufficient evidence that Cooper had been convicted of the five prior felonies of which he had been given notice.[1] The trial court further found that because the crime of murder for which Cooper was convicted and adjudged guilty in the instant case was a Class A felony, and because Cooper had been convicted of three or more prior felonies, the “minimum” sentence that it could order was life imprisonment without the possibility of parole. The trial court then sentenced Cooper to life imprisonment without the possibility of parole.
After reviewing the record of the sentencing hearing, along with the record of the other proceedings in the trial of this case, we find that the findings of the trial court are fully supported by the record. Cooper received reasonable notice before the most recent hearing of the intent of the state to prove five prior felony convictions, and the state proved those five prior felony convictions beyond a reasonable doubt. The prior convictions could properly be considered in enhancing Cooper’s sentence under the Act. Thus, Cooper having been convicted of a Class A felony and having more than three prior felony convictions that could be considered for enhancement purposes under the Act, his sentence to life imprisonment without the possibility of parole was proper and is due to be affirmed. Ala.Code 1975, § 13A-6-2(a)(l); § 13A-5-9(c)(3).
Cooper’s conviction of murder and his sentence of life imprisonment without the possibility of parole are hereby affirmed.
AFFIRMED.
All Judges concur.

. The five convictions are as follows:
(1) Case No. 74-20-E, United States District Court for the Middle District of Alabama, November 7, 1974, violation of Title 18 App., § 1202(a)(1), U.S.C. (Gun Control Act), sentenced to one year’s imprisonment (five-year maximum sentence authorized);
(2) Case No. 77-13-E, United States District Court for the Middle District of Alabama, September 13, 1977, violation of Title 18, § 2313, U.S.C. (receiving and concealing stolen motor vehicle), sentenced to five years’ imprisonment;
(3) Case No. 95523, First District Court of Caddo Parrish, Louisiana, March 26, 1979, theft, sentenced to two years' imprisonment;
(4) Case No. 1052, Circuit Court of Montgomery County, Alabama, May 27, 1963, grand larceny, sentenced to 13 months’ imprisonment; and
(5) Case No. 1053, Circuit Court of Montgomery County, Alabama, May 27, 1963, grand larceny, sentenced to 13 months’ imprisonment.
Cooper was represented by counsel in all cases.